**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIKE VEGA, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL S. MCCREA III, BRADFORD DICKERSON WHITEHURST, AND JOHN W. MCREYNOLDS,<br><br>        Defendants. | Case No.: 1:22-cv-04614-AKH<br><br>Hon. Alvin K. Hellerstein |

**MEMORANDUM OF LAW IN SUPPORT OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................2

II.   PROCEDURAL HISTORY...............................................................................3

III.  ARGUMENT ....................................................................................................4

    A.    Appointing Detroit P&F as Lead Plaintiff Is Appropriate...............................4

        1.  Detroit P&F Filed a Timely Motion...............................................................5

        2.  Detroit P&F Has the Largest Financial Interest in the Relief Sought. ........6

        3.  Detroit P&F Satisfies the Relevant Requirements of Rule 23. ...................6

            a.  Detroit P&F's Claims Are Typical. .................................................7

            b.  Detroit P&F Is An Adequate Representative....................................8

    B.    Approving Detroit P&F's Choice of Counsel Is Appropriate.........................9

IV.   CONCLUSION .................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baldwin v. Net 1 UEPS Techs., Inc.*,
No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522 (S.D.N.Y. Mar. 25, 2020)...............5

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018).................................................................................5, 7

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001) ...............................................................................................10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ...........................................................................................9

*In re Coinbase Global Securities Litigation*,
No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ...........................................11

*Daniels Family 2001 v. Las Vegas Sands Corp.*,
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021)..............................................................11

*Deinnocentis v. Dropbox, Inc.*,
2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) .......................................................12

*Ford v. VOXX Int'l Corp.*,
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)...............7

*In re Gentiva Sec. Litig.*,
281 F.R.D. 108 (E.D.N.Y. 2012) ...........................................................................................7

*Jiang v. BlueCity Holdings Limited, et al.*,
No. 1:21-cv-04044-CLP (E.D.N.Y. Dec. 22, 2021)..............................................................11

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008)...................................8

*Malriat v. Quantumscape Corp.*,
2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021).....................................................11

*Snyder v. Baozun Inc.*,
2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)....................................................12

*Subramanian v. Watford, et. al.*,
2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021) .....................................................11

*In re Versata, Inc., Sec. Litig.*,
No. 01-cv-1439-SI, 2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001) ......................9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
 No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)...................8

*White Pine Invs. v. CVR Ref.*,
 2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) .........................................................12

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23...................................................................................................... 1, 5, 6, 7

The Police and Fire Retirement System of the City of Detroit ("Detroit P&F") respectfully submits this memorandum of law in support of its motion ("Motion") to appoint it as lead plaintiff and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons other than Defendants who purchased or otherwise acquired common shares of Energy Transfer LP (the "Partnership", "Energy Transfer", or the "Company") stock between April 13, 2017 and December 20, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. § 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Energy Transfer, Kelcy L. Warren ("Warren"), Thomas E. Long ("Long"), Marshall S. McCrea III ("McCrea"), Bradford Dickerson Whitehurst ("Whitehurst"), and John W. McReynolds ("McReynolds"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Detroit P&F believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Detroit P&F satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, Detroit P&F's selection

of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

## I.    FACTUAL BACKGROUND[1]

Energy Transfer was founded in 1996 and became a publicly traded partnership in 2006. ¶ 2. It is a Delaware company headquartered in Dallas, Texas. *Id.* The Partnership was formerly known as Energy Transfer Equity, L.P. and changed its name to Energy Transfer LP in October 2018. *Id.* Energy Transfer is a company engaged in natural gas and propane pipeline transport. *Id.* The Partnership through its subsidiaries provides transportation, storage, and terminalling services for products like natural gas, crude oil, Natural Gas Liquids ("NGL"), and refined products. *Id.*

Throughout the Class Period, Defendants concealed and misrepresented that: (a) Energy Transfer had inadequate internal controls and procedures to prevent contractors from engaging in illegal conduct with regards to drilling activities, and/or failed to properly mitigate known issues related to such controls and procedures; (b) Energy Transfer through its subsidiary Rover Pipeline, LLC ("Rover") hired third-party contractor to conduct Horizontal Directional Drilling Activities ("HDD") for the Rover Pipeline Project (the "Project"), whose conduct of adding illegal additives in the drilling mud caused severe pollution near the Tuscarawas River when a large inadvertent release took place on April 13, 2017 (the "April 13 Release"); (c) Energy Transfer continually downplayed its potential civil liabilities when the Federal Energy Regulatory Commission ("FERC") was actively investigating the Partnership's wrongdoing related to the April 13 Release

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Vega* Complaint") filed in the action styled *Vega v. Energy Transfer LP, et. al.,* Case No. 1:22-cv-04614-AKH (the "*Vega* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Vega* Complaint. The facts set forth in the *Vega* Complaint are incorporated herein by reference.

and consistently provided it with updated information about FERC's findings on this matter. ¶ 3. These issues were foreseeably likely to subject Energy Transfer to increased governmental scrutiny and enforcement, as well as increased reputational and financial harm, and would also materially impact Energy Transfer's financial results. *Id.* These omissions and misrepresentations caused Energy Transfer's stock price to trade at artificially inflated prices throughout the Class Period. *Id.*

On August 8, 2019, Energy Transfer filed its quarterly report on Form 10-Q with the SEC, reporting the Partnership's financial and operating results for the second quarter ended June 30, 2019 (the "2Q19 10-Q"). ¶ 4. The 2Q19 10-Q disclosed that two years earlier, in mid- 2017 FERC Enforcement Staff began a non-public formal investigation "regarding allegations that diesel fuel may have been included in the drilling mud at the Tuscarawas River HDD." *Id.*

As a result of this news, the price of Energy Transfer stock dropped 4.6% over two trading days, to close on August 12, 2019 at $13.38. ¶ 5.

Then on December 16, 2021, FERC publicly issued to Energy Transfer the Order To Show Cause And Notice of Proposed Penalty (the "FERC Order"), which proposed a $40 million fine for the inadvertent release incident. ¶ 6. In response to this news, the price of Energy Transfer shares fell 2.8%, or $0.24 over the course of two trading days, to close on December 20, 2021 at $8.25. *Id.*

## II.   PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Vega* Action against the Defendants. Plaintiff Mike Vega ("Vega") commenced the first-filed action on June 3, 2022. On that same day, counsel acting on Vega's behalf published a notice on *AccessWire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the

Declaration of Adam M. Apton in Support of Detroit P&F's Motion ("Apton Decl.").

### III.    ARGUMENT

#### A.    Appointing Detroit P&F as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Detroit P&F satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Detroit P&F has, to the best of its

knowledge, the largest financial interest in this litigation—having lost $7,319,846.64 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Detroit P&F is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, Detroit P&F respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Detroit P&F Filed a Timely Motion.

On June 3, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Vega published the Press Release on *AccessWire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Energy Transfer stock that they had 60 days from the publication of the June 3, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Baldwin v. Net 1 UEPS Techs., Inc.,* No. 19-cv-11174 (PKC), 2020 U.S. Dist. LEXIS 53522, at *6 (S.D.N.Y. Mar. 25, 2020) (granting a motion for appointment as lead plaintiff where "plaintiff filed notice of this action on *Accesswire*, a national, business-oriented wire service").

Detroit P&F timely filed its motion within the 60-day period following publication of the June 3, 2022 Press Release and submitted herewith a sworn certification signed by Executive Director, David Cetlinski, on behalf of Detroit P&F attaching its transactions in Energy Transfer stock and attesting that it is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Detroit P&F satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

**2.**      **Detroit P&F Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Detroit P&F believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Detroit P&F acquired Energy Transfer stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Detroit P&F suffered an approximate loss of $7,319,846.64. *See* Apton Decl., Ex. B. Detroit P&F is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Detroit P&F believes that it has the "largest financial interest in the relief sought by the Class." Thus, Detroit P&F satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

**3.**      **Detroit P&F Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class,

and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Detroit P&F need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id.* at *6.

### a.    Detroit P&F's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Detroit P&F's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Detroit P&F alleges that Defendants' material misstatements and omissions concerning Energy Transfer's business, operational and financial results violated the federal securities laws. Detroit P&F, like all members of the Class, purchased or otherwise acquired Energy Transfer stock during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Detroit P&F's interests and claims are "typical" of the interests and claims of the Class.

### b.    Detroit P&F Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Detroit P&F has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Action, and Detroit P&F's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Detroit P&F is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

In addition to satisfying the requirements of Rule 23, Detroit P&F — a sophisticated institutional investor—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage institutions to have a more prominent role in securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Versata, Inc., Sec. Litig.,* No. 01-cv-1439-SI, 2001 U.S. Dist. LEXIS 24270, at *20-21 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff" because "Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted). Congress reasoned that increasing the role of institutional investors, which typically have

a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34. Detroit P&F is an institution that has approximately 14,500 members, and provides retirement, disability, and pension services for the non-uniformed employees of the City of Detroit, Michigan. Moreover, Detroit P&F has assets under management of approximately $3.2 billion and possesses the sophistication, resources, and experience necessary to oversee and supervise the Action separate and apart from counsel.

### B. Approving Detroit P&F's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Detroit P&F has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Jiang v. BlueCity Holdings Limited, et al.*, No. 1:21-cv-04044-CLP, Dkt. No. 16 (E.D.N.Y. Dec. 22, 2021); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi

9

& Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at \*21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at \*8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at \*10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at \*13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at \*11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting Detroit P&F's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Detroit P&F respectfully requests that the Court grant its Motion and enter an Order: (1) appointing Detroit P&F as Lead Plaintiff, (2) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: August 2, 2022                    Respectfully Submitted,

                                         **LEVI & KORSINSKY, LLP**

                                         By: */s/ Adam M. Apton*
                                         Adam M. Apton (AS-8383)
                                         55 Broadway, 10th Floor
                                         New York, NY 10006
                                         Tel: (212) 363-7500
                                         Fax: (212) 363-7171
                                         Email: aapton@zlk.com

                                         *Lead Counsel for the Police and Fire*
                                         *Retirement System of the City of Detroit and*
                                         *[Proposed] Lead Counsel for the Class*

11