**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIKE VEGA, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ENERGY TRANSFER LP, KELCY L. WARREN, THOMAS E. LONG, MARSHALL S. MCCREA III, BRADFORD DICKERSON WHITEHURST, AND JOHN W. MCREYNOLDS,<br><br>        Defendants. | CASE No.: 1:22-cv-04614-AKH<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOSEPHINE DAMEYER TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

**TABLE OF CONTENTS**

INTRODUCTION AND BACKGROUND ...................................................................................... 1

ARGUMENT.................................................................................................................................. 2

I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ............................................... 2

    A.    Movant is Willing to Serve as Class Representative......................................................... 3

    B.    Movant Has the Largest Financial Interest in the Action.................................................. 3

    C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure  4

        1.    Movant's Claims are Typical ...................................................................................... 5

        2.    Movant is Adequate..................................................................................................... 5

    D.    Movant is Presumptively the Most Adequate Plaintiff ..................................................... 6

II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ............................. 6

CONCLUSION............................................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                                          **Pages**

*In re Bally Total Fitness*, *Sec. Litig.*,
   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................................. 4
*In re Cendant Corp. Litigation*,
   264 F.3d. 201 (3d Cir. 2001) .......................................................................................................... 5
*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................................... 4
*In re Livent, Inc. Noteholders Sec. Litig.*,
   210 F.R.D. 512 (S.D.N.Y. 2002) ................................................................................................... 5
*In re Olsten Corp. Sec. Litig.*,
   3 F.Supp.2d 286 (E.D.N.Y. 1998) ................................................................................................ 4
*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................................... 5
*Lax v. Merch. Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................................................. 4
*Takara Trust v. Molex*,
   229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................... 4

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................................... 3, 6

**Rules**

Federal Rule of Civil Procedure 23 ...................................................................................... 3, 4, 5

Movant Josephine Dameyer ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all those who purchased or otherwise acquired the publicly traded securities of Energy Transfer LP ("Energy Transfer") between April 13, 2017 and December 20, 2021, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on June 3, 2022 against Energy Transfer, Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, Bradford Dickerson Whitehurst, and John W. McReynolds ("Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was published advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Energy Transfer provides energy-related services. Through its subsidiaries, Energy Transfer provides transportation and storage for natural gas, crude oil, and other refined products. The complaint alleges that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Energy Transfer had inadequate internal controls and procedures to prevent contractors from engaging in illegal conduct with regards to drilling activities and/or failed to properly mitigate known issues related to such controls and procedures; (2) Energy Transfer, through its subsidiary Rover Pipeline, LLC, hired a third-party contractor to conduct Horizontal Directional Drilling activities for the

1

Rover Pipeline Project, whose conduct of adding illegal additives in the drilling mud caused severe pollution near the Tuscarawas River when a large inadvertent release of nearly 2 million gallons of drilling mud took place on April 13, 2017 (the "Tuscarawas Incident"); (3) Energy Transfer continually downplayed its potential civil liabilities when the Federal Energy Regulatory Commission ("FERC") was actively investigating Energy Transfer's wrongdoing related to the Tuscarawas Incident; and (4) as a result, Energy Transfer's public statements were materially false and misleading at all relevant times.

On August 8, 2019, Energy Transfer filed its quarterly report for the quarter ending June 30, 2019 (the "2Q19 10-Q"). The 2Q19 10-Q revealed that two years earlier, the FERC Enforcement Staff began a non-public, formal investigation regarding allegations that diesel fuel may have been included in the drilling mud at the Tuscarawas River HDD. On this news, Energy Transfer's stock price fell $0.65 per share, or 4.6%, over two trading days, to close at $13.38 on August 12, 2019.

Then, on December 16, 2021, FERC issued to Energy Transfer an Order to Show Cause And Notice of Proposed Penalty (the "FERC Order"), which proposed that Energy Transfer pay a $40 million fine. On this news, Energy Transfer's stock price fell $0.24 per share, or more than 2.8%, over two trading days to close at $8.25 per share on December 20, 2021. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Energy Transfer's securities, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the

2

date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that she is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff… is the person or group of persons that… has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

3

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $276,639.72 in connection with her purchases of Energy Transfer securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Energy Transfer securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about Energy Transfer's business and operations. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Movant has been investing for about 40 years and has a Ph.D. in psychology. Movant runs her own medical billing business as well as manages a portfolio of rental properties. Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class. Movant also sustained substantial financial

5

losses from her investments in Energy Transfer securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

### II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of

securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: August 2, 2022                          Respectfully submitted,

                                               **THE ROSEN LAW FIRM, P.A.**

                                               /s/ Phillip Kim
                                               Phillip Kim, Esq. (PK 9384)
                                               Laurence M. Rosen, Esq. (LR 5733)
                                               275 Madison Avenue, 40th Floor
                                               New York, New York 10016
                                               Telephone: (212) 686-1060
                                               Fax: (212) 202-3827
                                               Email: pkim@rosenlegal.com
                                               Email: lrosen@rosenlegal.com

                                               *[Proposed] Lead Counsel for Lead Plaintiff*
                                               *and Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim