UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MIKE VEGA, On Behalf of Himself and All
Others Similarly Situated,

                    Plaintiff,

    vs.

ENERGY TRANSFER LP, KELCY L.
WARREN, THOMAS E. LONG,
MARSHALL S. MCCREA III, BRADFORD
DICKERSON WHITEHURST, AND JOHN
W. MCREYNOLDS,

                    Defendants.

---

Civil Action No. 1:22-cv-04614-AKH

<u>CLASS ACTION</u>

MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL

4881-8902-3020.v1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   FACTUAL BACKGROUND ....................................................................................1

III.  ARGUMENT ..........................................................................................................2

      A.    The New Mexico Funds Should Be Appointed Lead Plaintiff ..............................2

            1.    The New Mexico Funds' Motion Is Timely ................................................3

            2.    The New Mexico Funds Have a Substantial Financial Interest in
                  the Relief Sought by the Class ....................................................................4

            3.    The New Mexico Funds Are Typical and Adequate of the
                  Purported Class ..........................................................................................4

      B.    The Court Should Approve the New Mexico Funds' Selection of Counsel ............6

IV.   CONCLUSION ......................................................................................................8

4881-8902-3020.v1

**TABLE OF AUTHORITIES**

**Page**

CASES

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................5

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG (C.D. Cal.) ....................................................................................8

*In re Am. Realty Capital Props., Inc. Litig.*,
No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) ......................................................6, 7

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) .................................................................................7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)................................................................................................5

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ...........................................................................................7

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.).........................................................................7

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ..........................................................................7

*In re St. Paul Travelers Sec. Litig.*,
No. 0:04-CV-03801 (D. Minn.) ..........................................................................................5

*In re UnitedHealth Grp. Inc. PSLRA Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.) ..........................................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.)..............................................................................7

*Jones v. Pfizer, Inc.*,
No. 1:10-cv-03864-AKH (S.D.N.Y. July 30, 2015)............................................................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) .............................................................................................7

*Lopez v. CTPartners Exec. Search Inc.*,
2015 WL 2431484 (S.D.N.Y. May 18, 2015) ..................................................................4, 7

4881-8902-3020.v1

**Page**

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   No. 1:08-cv-10783 (S.D.N.Y. May 2, 2016) .............................................................7

*Smilovits v. First Solar, Inc.*,
   No. 2:12-cv-00555-DGC (D. Ariz.)..........................................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(1) ...............................................................................................................2
   §78u-4(a)(3)(A)(i)......................................................................................................3
   §78u-4(a)(3)(B)(i).................................................................................................1, 2
   §78u-4(a)(3)(B)(ii).....................................................................................................1
   §78u-4(a)(3)(B)(iii)....................................................................................................1
   §78u-4(a)(3)(B)(iii)(I)................................................................................................3
   §78u-4(a)(3)(B)(iii)(I)(cc)..........................................................................................4
   §78u-4(a)(3)(B)(v)...............................................................................................1, 6

Federal Rules of Civil Procedure
   Rule 23 ...................................................................................................................3, 4

4881-8902-3020.v1

## I.   INTRODUCTION

The above-captioned case is a putative securities class action on behalf of those who purchased or acquired Energy Transfer LP ("Energy Transfer" or the "Company") stock between April 13, 2017 and December 20, 2021, both dates inclusive (the "Class Period"), alleging violations of the Securities Exchange Act of 1934 (the "1934 Act") against defendants.  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, New Mexico State Investment Council and Public Employees' Retirement Association of New Mexico (the "New Mexico Funds") respectfully submit that they are the presumptively most adequate plaintiff in this case because they filed a timely motion in response to a notice, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the New Mexico Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

Energy Transfer is engaged in natural gas and propane pipeline transport.  The Company's shares trade on the NYSE under the ticker symbol "ET."

The complaint alleges that throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Energy Transfer had inadequate internal controls and procedures to prevent contractors from engaging in illegal conduct with regards to drilling activities, and/or failed to properly mitigate known issues related to such controls and

4881-8902-3020.v1

procedures; (ii) Energy Transfer, through its subsidiary Rover Pipeline, LLC, hired third-party contractors to conduct Horizontal Directional Drilling Activities ("HDD") for the Rover Pipeline Project, whose conduct of adding illegal additives in the drilling mud caused severe pollution near the Tuscarawas River when a large inadvertent release took place on April 13, 2017; and (iii) Energy Transfer continually downplayed its potential civil liabilities when the Federal Energy Regulatory Commission ("FERC") was actively investigating Energy Transfer's wrongdoing related to the April 13 release and consistently provided it with updated information about FERC's findings on this matter.

On August 8, 2019, Energy Transfer disclosed that two years earlier, in mid-2017, FERC enforcement staff began a non-public formal investigation "regarding allegations that diesel fuel may have been included in the drilling mud at the Tuscarawas River HDD." ECF 1 at ¶43. On this news, the price of Energy Transfer stock declined 4.6%.

Then, on December 16, 2021, FERC publicly issued to Energy Transfer the Order to Show Cause and Notice of Proposed Penalties, which proposed a $40 million fine for the inadvertent release incident. On this news, the price of Energy Transfer shares declined an additional 2.8% over the course of two trading days, further damaging investors.

As a result of defendants' wrongful acts and omissions, the New Mexico Funds and other Energy Transfer investors have suffered substantial losses.

## III.   ARGUMENT

### A.   The New Mexico Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First,

- 2 -

"[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on June 3, 2022. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. 1 ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The New Mexico Funds meet these requirements and should be appointed Lead Plaintiff.

### 1.    The New Mexico Funds' Motion Is Timely

The June 3, 2022, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by August 2, 2022. *See* Rosenfeld Decl., Ex. 1. Because the New Mexico Funds' motion has been filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

- 3 -

4881-8902-3020.v1

**2.     The New Mexico Funds Have a Substantial Financial Interest
in the Relief Sought by the Class**

As evidenced by their Certifications and loss chart, the New Mexico Funds acquired millions of Energy Transfer shares and suffered over $55,200,000 in losses under the last-in, first-out ("LIFO") methodology as a result of defendants' alleged violations of the 1934 Act. *See* Rosenfeld Decl., Exs. 2, 3. To the best of the New Mexico Funds' counsel's knowledge, there are no other plaintiffs with a larger financial interest.

**3.     The New Mexico Funds Are Typical and Adequate of the
Purported Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this early stage of litigation, only typicality and adequacy are pertinent. *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (Engelmayer, J.).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

The New Mexico Funds satisfy the typicality requirement as they seek to represent a class of similarly situated purchasers of Energy Transfer shares who suffered a loss as a result of defendants' alleged misconduct. Indeed, like all other class members, the New Mexico Funds: (1) purchased Energy Transfer shares during the Class Period; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the New

- 4 -

Mexico Funds' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.  Moreover, as sophisticated institutional investors, the New Mexico Funds are precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."  *In re Cendant Corp. Litig*., 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc*., 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").  Importantly, the New Mexico Funds are well-versed in the obligations and responsibilities of a lead plaintiff based on their prior service as lead plaintiff and class representative in multiple securities cases, including their joint service in *In re St. Paul Travelers Sec. Litig*., No. 0:04-CV-03801 (D. Minn.), where the New Mexico Funds obtained a $67.5 million recovery as lead plaintiffs.  The New Mexico Funds are well-equipped and committed to directing the prosecution of this action as they have full-time access to the advice and counsel of the New Mexico Attorney General's Office, which will continue to expend the time and resources necessary to assist in the supervision of this litigation.

Because the New Mexico Funds filed a timely motion, have a large financial interest in the relief sought by the class, are typical and adequate of the putative class, and selected qualified counsel (as set forth below), the Court should adopt the presumption that they are the "most adequate plaintiff."

4881-8902-3020.v1

**B.**     **The Court Should Approve the New Mexico Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The New Mexico Funds have selected Robbins Geller to serve as lead counsel in this case.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (Commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations.");

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4881-8902-3020.v1

*Lopez*, 2015 WL 2431484, at *3 ("Having reviewed [Robbins Geller's] submissions as to its pertinent background and experience, including its experience litigating securities class actions, the Court finds that it is well qualified to serve as lead counsel.); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2]  And, while

---

[2]     *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) (represented lead plaintiff CalPERS in obtaining $925 million recovery which is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth*

- 7 -

trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

As such, the New Mexico Funds' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The New Mexico Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the New Mexico Funds respectfully request that the Court grant their motion.

DATED:  August 2, 2022                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                                          *s/ David A. Rosenfeld*
                                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

---

*Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4881-8902-3020.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

OFFICE OF THE NEW MEXICO
  ATTORNEY GENERAL
HECTOR BALDERAS, Attorney General,
BRIAN McMATH Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM  87504-1508
Telephone: 505/717-3500
bmcmath@nmag.gov

Additional Counsel for Proposed Lead Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 2, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
&amp; DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4881-8902-3020.v1

Case 3:22-cv-02735-L   Document 23   Filed 08/02/22   Page 15 of 15   PageID 326

# Mailing Information for a Case 1:22-cv-04614-AKH Vega v. Energy Transfer LP et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com,jtash@zlk.com,hakulp@zlk.com

- **Andrea Farah**
  afarah@lowey.com,jpedersen@lowey.com,8091312420@filings.docketbird.com,rgupta@lowey.com,agreco@lowey.com,ylu@lowey.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)