```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MIKE VEGA, on behalf of all others similarly     :
situated,                                        :
                                                 :
                          Plaintiff,             :
            v.                                   :    22 Civ. 4614 (AKH)
                                                 :
ENERGY TRANSFER LP, KELCY L. WARREN,             :    AMENDED ORDER
THOMAS E. LONG, MARSHALL S. MCCREA               :    APPOINTING LEAD PLAINTIFF
III, BRADFORD DICERKSON WHITEHURST,              :    AND COUNSEL
and JOHN W. MCREYNOLDS,                          :
                                                 :
                          Defendants.            :
------------------------------------------------------------ X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

On August 10, 2022, I issued an order appointing the New Mexico State Investment Council and Public Employees Retirement Association of New Mexico (the "New Mexico Funds") as lead plaintiff and Robbins Geller Rudman & Dowd LLP as lead counsel in the above-captioned class action. (ECF No. 27.) In the conclusion, I directed the New Mexico Funds to file an amended complaint to conform the caption, Defendants to answer or otherwise respond, and the parties to appear for an initial pre-trial conference, but failed to specify the dates for these events. This Amended Order corrects those omissions. As indicated below, the amended complaint shall be filed by August 22, 2022; Defendants shall answer or otherwise respond by September 15, 2022; and, the parties shall appear for an initial pre-trial conference on October 14, 2022, at 10:00 a.m.

The above-captioned class action alleges that Defendant Energy Transfer ("Energy Transfer"), a company engaged in natural gas and propane pipeline transport whose shares trade on the NYSE, and its directors and officers, made materially false and misleading statements, and also failed to disclose, that (i) Energy Transfer had inadequate internal controls and procedures to prevent contractors from engaging in illegal conduct with respect to drilling

activities, or failed to mitigate properly known issues; (ii) Energy Transfer, through its subsidiary hired third-party contractors whose conduct caused severe pollution; and (iii) Energy Transfer continually downplayed its potential civil liabilities while the Federal Energy Regulatory Commission was actively investigating Energy Transfer's wrongdoing. (ECF No. 1.) The Complaint seeks relief on behalf of all those who purchased or otherwise acquired common shares of Energy Transfer between April 13, 2017 and December 20, 2021 (the "Class Period"), under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

On August 2, 2022, four potential class members disclosed their financial interest and moved to be appointed as lead plaintiff and for their respective counsel to be appointed lead counsel. *See* ECF Nos. 11 (Police and Fire Retirement System of the City of Detroit claiming $7.3 million loss); 15 (Mike Vega claiming $3,699.36 loss); 19 (Josephine Dameyer claiming $276,639.72 loss); 23 (New Mexico State Investment Council and Public Employees Retirement Association of New Mexico (the "New Mexico Funds") claiming $55,200,000 loss). In light of the disclosures, the parties stipulated that the New Mexico Funds are the presumptive lead plaintiffs and ask me to appoint them as lead plaintiffs and their counsel, Robbins Geller Rudman & Dowd LLP, as lead counsel. (ECF No. 26.) For reasons provided below, the motion is granted.

## DISCUSSION

I.      Legal Standard

The PSLRA instructs courts to "appoint as lead plaintiff" the party or parties "most capable of adequately representing the interests" of the class. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff is the

2

> person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id*. at § 78u-4(a)(3)(B)(iii)(I).  As to financial interest, "courts have consistently held that . . . the magnitude of the loss suffered[] is most significant."  *Mustafin v. GreenSky, Inc.*, 18-cv-11071, 2019 WL 1428594, at *4 (S.D.N.Y. Mar. 29, 2019).  And as to Rule 23, "at this early stage of litigation," only "typicality and adequacy[] are pertinent."  *Id*. at *5.

II.     Analysis

The New Mexico Funds have the greatest financial interest, making them the presumptive lead plaintiff under the PSLRA.  Although the motion to appoint them as lead plaintiffs is now unopposed, I still must "consider the factors under the PSLRA to ensure that the movant[s are] the most adequate plaintiff[s]."  *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.* 325 Supp. 3d 310, 314 (E.D.N.Y. 2018).  I hold that they are.

  The New Mexico Funds meet the statutory requirements.

  First, their motion is timely because it was filed by the statutory deadline.

  Second, and most importantly, the New Mexico Funds have the greatest financial interest, as they claim losses of greater than $55,200,000, *see* ECF No. 24, Exs. 2, 3.  The losses far exceed those claimed by any other movant, rendering the New Mexico Funds the "presumptive lead plaintiff" under the PSLRA.

  Finally, they satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23.  The New Mexico Funds's claims are typical because they "arise[] from the same course of events," and the New Mexico Funds will make "similar legal arguments to prove

[Defendants'] liability." *Lopez v. CTPartners Exec. Search Inc.*, No. 15-CV-1476, 2015 U.S. Dist. LEXIS 64751, at *5 (S.D.N.Y. May 18, 2015). To wit, the New Mexico Funds allege, like all other class members, that they purchased Energy Transfer shares during the Class Period; were adversely affected by Defendants' false and misleading statements and omissions; and suffered damages thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result").

The New Mexico Funds also are adequate plaintiffs because they have retained class counsel that is qualified, experienced, and generally able to conduct the litigation; there is no conflict between the New Mexico Funds and the members of the class; and, they have a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). In addition, the New Mexico Funds are sophisticated institutional investors—the type of investor whose participation Congress sought to encourage, predicting that their involvement would significantly benefit class members. *See id.* 269 F.R.D. at 294. Moreover, the New Mexico Funds are well-versed in the obligations and responsibilities of a lead plaintiff based on their prior (successful) service in multiple other securities cases. They are well-equipped and committed to directing the prosecution of this action, as they have full-time access to the advice and counsel of the New Mexico Attorney General's Office, which will continue to expend the time and resources to assist in the supervision of this litigation. And, as noted above, they have retained counsel that is experienced, qualified, and capable.

Accordingly, because the New Mexico Funds moved timely, have the greatest financial interest in the litigation, and satisfy the typicality and adequacy requirements of Rule 23, I appoint the New Mexico Funds as lead plaintiffs. In addition, I see no reason to disturb the

New Mexico Funds's reasonable choice of lead counsel, Robbins Geller Rudman & Dowd LLP. *See id*. at § 78u-4(a)(3)(B)(iii)(II)(aa); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (noting the PSLRA's "strong presumption in favor of approving a properly-selected lead plaintiff's decision[] as to counsel") (quotation marks omitted).

## CONCLUSION

For the reasons stated above, the New Mexico Funds's motion to appoint them as lead plaintiffs, and their counsel, Robbins Geller Rudman & Dowd LLP, as lead counsel is granted. The case shall proceed under the name *In re Energy Transfer Securities Litigation*. The New Mexico Funds shall file an amended complaint, conforming the caption, by August 22, 2022. Defendants shall answer or otherwise respond by September 15, 2022. The parties shall appear for an initial pre-trial conference on October 14, 2022, at 10:00 a.m. The Clerk of Court shall terminate the open motions (ECF Nos. 11, 15, 19, 23).

SO ORDERED.

Dated:   August 16, 2022                                        /s/ Alvin K. Hellerstein
        New York, New York                                    ALVIN K. HELLERSTEIN
                                                                                     United States District Judge