IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re ENERGY TRANSFER LP SECURITIES LITIGATION | CIVIL ACTION NO. 3:22-cv-02735-K |

**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND ELIGIBLE FOR JUDICIAL NOTICE REGARDING DEFENDANTS' MOTION TO DISMISS**

Defendants Energy Transfer LP ("Energy Transfer" or the "Company"), Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, Bradford Dickerson Whitehurst, John W. McReynolds, and Matthew S. Ramsey (collectively, the "Individual Defendants" and, with the Company, "Defendants"), by and through their undersigned attorneys, respectfully request the Court consider incorporated by reference the exhibits identified herein and included in the Appendix of Exhibits submitted with Defendants' Motion to Dismiss (the "Motion to Dismiss") in deciding that motion. The Court also may take judicial notice of the documents.

## I. INTRODUCTION

In ruling on a motion to dismiss, courts may consider matters outside the four corners of a complaint through (i) the doctrine of incorporation by reference and (ii) judicial notice under Federal Rule of Evidence 201. Most of the documents in the Appendix of Exhibits are incorporated by reference in Plaintiffs' Amended Complaint (the "Complaint"), and all are judicially noticeable. Defendants respectfully request that the Court consider these documents in deciding the Motion to Dismiss.

## II. ARGUMENT

The documents included in the Appendix of Exhibits meet the standards for consideration in ruling on a motion to dismiss. "The court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v.*

1

*Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  The exhibits are filings with the U.S. Securities and Exchange Commission ("SEC") and with the Federal Energy Regulatory Commission ("FERC"), transcripts of earnings calls, articles and press releases, and documents filed in a lawsuit in which Plaintiffs are members of the certified class—most of which are referenced, quoted, or both in Plaintiffs' Complaint and/or are central to their claims.  The exhibits therefore are properly considered in their entirety under the doctrine of incorporation by reference. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).  The regulatory filings, earnings call transcripts, articles and press releases, and litigation filings also are publicly available and are properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Alaska Elec. Pension Fund v. Asar*, 768 F App'x 175, 180–82 (5th Cir. 2019); *Cox v. Richards*, 761 F. App'x 244, 248 (5th Cir. 2019); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).

## A.    Legal Standard

Under the doctrine of incorporation by reference, a court may consider documents "attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins*, 224 F.3d at 498–99.  Incorporation by reference plays a central function in the court's adjudication of a motion to dismiss, "assist[ing] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499.

This Court also may take judicial notice of facts when ruling on a motion to dismiss. *See, e.g.*, *Alaska Elec. Pension Fund*, 768 F. App'x at 182; *Funk*, 631 F.3d at 783; *Norris v. Hearst Tr.*,

500 F.3d 454, 461 n.9 (5th Cir. 2007).  Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute," including facts that (i) are "generally known within the trial court's territorial jurisdiction," or (ii) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

It is particularly appropriate for courts to consider documents referenced in the complaint and judicially noticeable documents in securities fraud cases.  *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (establishing that, when evaluating the scienter element in securities fraud action, "courts must consider … in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Lormand*, 565 F.3d at 251; *Lovelace*, 78 F.3d at 1018–19.  Courts regularly take judicial notice of documents filed with the SEC, among others, in ruling on motions to dismiss securities class actions, like this one.  *Lovelace*, 78 F.3d at 1018–19; *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 325 F. Supp. 3d 728, 736 (N.D. Tex. 2018), *aff'd sub nom. Mun. Employees' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424 (5th Cir. 2019).

The undisputed contents of the documents included in the Appendix of Exhibits contradict Plaintiffs' conclusory allegations and add context to statements presented in isolation, illustrating why the Court should not accept Plaintiffs' conclusory allegations as true.  *Lovelace*, 78 F.3d at 1020–21.

**B.     The Exhibits Cited in the Motion to Dismiss May Properly Be Considered**

The following chart outlines the documents in the Appendix of Exhibits, of which the Court should take judicial notice and/or consider incorporated by reference:

| Exhibit No. | Document Title | Date | Incorporated by Reference in Amended Complaint | Eligible for Judicial Notice |
|---|---|---|---|---|
| Ex. A | FERC Docket No. CP15-93-000, Accession No. 20170601-4009 | June 1, 2017 | ¶ 83 | Yes |
| Ex. B | Ximena Mosqueda-Fernandez, Update: FERC 'to closely monitor' Rover Pipeline after diesel found in spill, S&P GLOBAL MARKET INTELLIGENCE | June 2, 2017 | | Yes |
| Ex. C | Jonathan Berman, FERC Announcing Investigation into Energy Transfer's Rover Pipeline, SIERRA CLUB | May 31, 2017 | | Yes |
| Ex. D | FERC Docket No. CP15-93-000, Accession No. 20170831-3070 | Aug. 31, 2017 | | Yes |
| Ex. E | FERC Docket No. CP15- 93-000, Accession No. 20170918-3075 | Sept. 18, 2017 | | Yes |
| Ex. F | FERC Docket No. CP15-93-000, Accession No. 20171011-3011 | Oct. 11, 2017 | | Yes |
| Ex. G | FERC Docket No. CP15-93-000, Accession No. 20171020-3022 | Oct. 20, 2017 | | Yes |
| Ex. H | FERC Docket No. CP15-93-000, Accession No. 20171116-3074 | Nov. 16, 2017 | | Yes |
| Ex. I | FERC Docket No. CP15-93-000, Accession No. 20171214-3061 | Dec. 14, 2017 | | Yes |

4

| Exhibit No. | Document Title | Date | Incorporated by Reference in Amended Complaint | Eligible for Judicial Notice |
|---|---|---|---|---|
| Ex. J | Shane Hoover, Ohio EPA, Rover Still at Odds Over Project, THE ALLIANCE REVIEW | Sept. 14, 2017 | | Yes |
| Ex. K | Sibyl Layag, FERC Allows Rover to Resume Drilling at 4 More Ohio Sites, SNL FERC GAS REPORT | Nov. 22, 2017 | | Yes |
| Ex. L | Shane Hoover, Rover Can Resume Drilling Under Tuscarawas River, CANTON REPOSITORY | Dec. 14, 2017 | | Yes |
| Ex. M | Shane Hoover, Ohio EPA Raises New Rover Pipeline Concerns, THE DAILY RECORD | Jan. 12, 2018 | | Yes |
| Ex. N | FERC Docket No. CP15-93-000, Accession No. 20180112-5032 (Ohio EPA letter to the FERC confirming this was a separate incident from the Inadvertent Release) | Jan. 11, 2018 | | Yes |
| Ex. O | Cost Comparison Statement, FERC Docket No. CP15- 93-000, , Accession No. 20190502-5084 | May 2, 2019 | ¶ 157 | Yes |
| Ex. P | Rover Pipeline LLC and Energy Transfer LP's Answer and Denial to Order to Show Cause and Notice of Proposed Penalty, FERC Docket No. IN17-4- | Mar. 21, 2022 | | Yes |

5

| Exhibit No. | Document Title | Date | Incorporated by Reference in Amended Complaint | Eligible for Judicial Notice |
|---|---|---|---|---|
| | 000, Accession No. 20220321- 5196. | | | |
| Ex. Q | Am. Compl. (ECF No. 43), *Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2:20-cv-00200-GAM (E.D. Pa.) | July 15, 2020 | | Yes |
| Ex. R | Mot. for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 6), *Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2:20-cv-00200-GAM (E.D. Pa.) | Jan. 21, 2020 | | Yes |
| Ex. S | Order Granting Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF No. 114), *Allegheny Cty. Emps.' Ret. Sys. v. Energy Transfer LP*, 2:20-cv-00200-GAM (E.D. Pa.) | August, 23, 2022 | | Yes |
| Ex. T | Jeremiah Shelor, Rover Receives Cease, Desist Order from West Virginia DEP for Water Pollution Violations, NATURAL GAS INTELLIGENCE | July 24, 2017 | | Yes |
| Ex. U | Marion Renault, 'Systemic' Pipeline Violations Criticized, COLUMBUS DISPATCH | May 8, 2017 | | Yes |

| Exhibit No. | Document Title | Date | Incorporated by Reference in Amended Complaint | Eligible for Judicial Notice |
|---|---|---|---|---|
| Ex. V | Tucker Higgins, Energy Transfer's Pipeline Spill Problem is Causing it Another Headache, THE STREET | June 22, 2017 | | Yes |
| Ex. W | FERC Announces Investigation into Energy Transfer's Rover Pipeline, ECOWATCH | June 2, 2017 | | Yes |
| Ex. X | Energy Transfer LP's 2Q 2022 Form 10-Q | Aug. 4, 2022 | | Yes |
| Ex. Y | Energy Transfer LP's 2021 Form 10-K | Feb. 18, 2022 | | Yes |
| Ex. Z | Energy Transfer LP's 3Q 2021 Form 10-Q | Nov. 4, 2021 | | Yes |
| Ex. AA | Energy Transfer Equity LP and Energy Transfer Partners LP's Q2 2017 Earnings Call Transcript | Aug. 9, 2017 | ¶¶ 95, 99–102, 105 | Yes |
| Ex. BB | Energy Transfer Equity LP and Energy Transfer Partners LP's Q3 2017 Earnings Call Transcript | Nov. 8, 2017 | ¶ 112, 114–16 | Yes |
| Ex. CC | Energy Transfer Equity LP and Energy Transfer Partners LP's Q4 2017 Earnings Call Transcript | Feb. 22, 2018 | ¶ 123–24 | Yes |
| Ex. DD | Energy Transfer LP 2016 Form 10-K | Feb. 24, 2017 | ¶ 58 | Yes |
| Ex. EE | Energy Transfer LP 2017 Form 10-K | Feb. 23, 2018 | ¶¶ 125–29 | Yes |
| Ex. FF | Energy Transfer LP 2018 Form 10-K | Feb. 22, 2019 | | Yes |
| Ex. GG | Energy Transfer LP 2019 Form 10-K | Feb. 21, 2020 | | Yes |
| Ex. HH | Energy Transfer LP 2020 Form 10-K | Feb. 18, 2021 | | Yes |

| Exhibit No. | Document Title | Date | Incorporated by Reference in Amended Complaint | Eligible for Judicial Notice |
|---|---|---|---|---|
| Ex. II | Response to J.D. Hair Report | Aug. 4, 2017 | ¶¶ 91–93 | Yes |

### 1.    SEC and FERC Filings

Exhibits A, O, DD, EE, and II are publicly available SEC and FERC filings referenced in the Complaint.  Documents referenced in a complaint and central to the plaintiff's claim are properly considered incorporated by reference.  *In re Katrina*, 495 F.3d at 205.  Plaintiffs characterize or point to portions of these exhibits in their Complaint but fail to reference other portions of the documents that contradict their allegations or add important context.  It is proper for the Court to consider whether the very sources relied upon by Plaintiffs in the Complaint show that their theory of liability is not well-pleaded.

The Court also may take judicial notice of all of the incorporated SEC and FERC filings as well as Exhibits P, D–I, N, FF–HH, and X–Z, which are publicly available SEC and FERC filings not referenced in the Complaint.  It is proper "[w]hen deciding a motion to dismiss a claim for securities fraud on the pleadings," for a court to "consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC."  *Lovelace*, 78 F.3d at 1018; *see also Alaska Elec. Pension Fund*, 768 F. App'x at 182 (taking judicial notice of Form 4 documents in holding that stock trades for tax purposes "weighs against a nefarious motive").  The Court also may take judicial notice of public documents filed with FERC.  *Bonin v. Sabine River Auth. of Texas*, 2019 WL 1246259, at *4 (E.D. Tex. Mar. 1, 2019) ("[T]he court may take judicial notice of the FERC documents as public records …."), *report and recommendation adopted*, 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019), *aff'd sub nom. Bonin v. Sabine River Auth. of Louisiana*, 961 F.3d 381 (5th Cir. 2020).

### 2.      Transcripts

Exhibits AA–CC are publicly available transcripts of earnings calls referenced in the Complaint.  These documents are at the core of Plaintiffs' Complaint, which highlights isolated statements made on the earnings calls that allegedly were misleading to investors.  As shown in the chart, *supra*, these transcripts are referenced and quoted repeatedly throughout the Complaint.  Given that they are central to Plaintiffs' allegations and referenced frequently in the Complaint, the Court should consider these transcripts incorporated by reference.  *See Funk*, 631 F.3d at 783; *Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387; *Lormand*, 565 F.3d at 251; *In re Katrina*, 495 F.3d at 205; *Collins*, 224 F.3d at 498–99.  Because the earnings call transcripts also are publicly available, the Court may take judicial notice of them as well.  *Funk*, 631 F.3d at 783.

### 3.      Press Releases and Articles

Defendants request that the Court take judicial notice of Exhibits B, C, J–M, T–W.  These press releases and articles are matters of public record "directly relevant to the issue at hand" and thus are subject to judicial notice.  *Funk*, 631 F.3d at 783.

### 4.      Other Documents Relating to Challenged Statements

Finally, Defendants request that the Court take judicial notice of Exhibits Q–S.  Exhibit Q is an amended complaint filed in a parallel class action pending in the Eastern District of Pennsylvania, which challenges statements made on some of the same earnings calls and in some of the same filings at issue in Plaintiffs' Complaint.  Exhibits R and S are filings made by Plaintiff Public Employees Retirement Association of New Mexico in that same lawsuit.  Filings in litigation in which a party before the court also is a party may be judicially noticed as public records and are properly considered on a motion to dismiss.  *See Cox*, 761 F. App'x at 248.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the

foregoing exhibits cited in the Motion to Dismiss in conjunction with that motion.

Dated:  January 27, 2023                        Respectfully submitted,


                                                */s/ John T. Cox*

                                                John T. Cox III, Bar No. 24003722
                                                GIBSON, DUNN & CRUTCHER LLP
                                                2001 Ross Avenue, Suite 2100
                                                Dallas, Texas 75201-2923
                                                Telephone:  214.698.3100
                                                Fax:  214.571.2900
                                                Email:  TCox@gibsondunn.com

                                                Brian M. Lutz (admitted *pro hac vice*)
                                                Colin B. Davis (admitted *pro hac vice*)
                                                GIBSON, DUNN & CRUTCHER LLP
                                                555 Mission Street, Suite 3000
                                                San Francisco, CA 94105-0921

                                                Dana E. Sherman
                                                GIBSON, DUNN & CRUTCHER LLP
                                                200 Park Avenue
                                                New York, New York 10166-0193

                                                *Attorneys for Defendants*

10

## CERTIFICATE OF CONFERENCE

Colin Davis, counsel for Defendants, conferred by phone with Debra Wyman, counsel for Plaintiffs, on January 26, 2023.  Plaintiffs informed Defendants that they would reserve their right to oppose Defendants' request for consideration of documents pending a review of how Defendants used the documents in their Motion to Dismiss.

*/s/ John T. Cox*
John T. Cox III

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2023, the foregoing document was filed using the Court's CM/ECF system.  In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ John T. Cox*
John T. Cox III

11