UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| VEGA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENERGY TRANSFER LP et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-02735-K |

**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND ELIGIBLE FOR JUDICIAL NOTICE REGARDING DEFENDANTS' MOTION TO DISMISS**

Lead Plaintiffs New Mexico State Investment Council and Public Employees Retirement Association of New Mexico respectfully submit this Memorandum of Law in Opposition to Defendants' Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice Regarding Defendants' Motion to Dismiss (ECF 92) ("RJN").

## I. INTRODUCTION

In connection with their Motion to dismiss Lead Plaintiffs' Complaint, Defendants Energy Transfer LP ("Energy Transfer" or the "Company"), Kelcy L. Warren, Thomas E. Long, Marshall S. McCrea III, Bradford Dickerson Whitehurst, John W. McReynolds, and Matthew S. Ramsey (collectively, "Defendants") filed their RJN asking this Court to consider 35 separate documents in support of their Motion.[1] Lead Plaintiffs have no qualm with the Court considering Defendants' proposed Exhibits A, D-I, N-O, Q-S, Y-Z, and AA-II for the limited purpose of identifying what was said to the public (but not the truth thereof) in certain press releases, conference call transcripts, U.S. Securities and Exchange Commission ("SEC") filings, regulatory filings, and judicial filings.[2] Plaintiffs object to the remaining exhibits Defendants ask the Court to "consider," because Defendants fail to demonstrate that the exhibits are properly judicially noticeable under Federal Rule of Evidence 201.

---

[1] Defendants' Motion to Dismiss and Supporting Brief (ECF 91) is herein cited as "Motion" or "Mem.," and Lead Plaintiffs' Amended Complaint for Violations of the Federal Securities Laws (ECF 44) is the "Complaint." Additionally, unless otherwise stated, capitalized terms used herein have the same meaning as set forth in the Complaint.

[2] All "Exhibit" and "Ex.__" references herein are to the exhibits included in the Appendix attached to the Declaration of Colin B. Davis in Support of Defendants' Motion to Dismiss (ECF 93) ("Davis Decl.").

## II. LEGAL STANDARD APPLICABLE TO A REQUEST FOR JUDICIAL NOTICE

Generally, a court ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss can rely only on the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). In addition to accepting all of the factual allegations in the complaint as true, the court must consider the complaint in its entirety, and may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009). Documents that are not attached to the complaint may be considered incorporated by reference only where they are "central to the claim ***and*** referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007).[3]

The Fifth Circuit has held that when deciding a motion to dismiss a claim for securities fraud on the pleadings, a court may "consider the contents of relevant public disclosure documents which (1) are required to be filed with the SEC, and (2) are actually filed with the SEC," but "only for the purpose of determining what statements the documents contain, ***not to prove the truth of the documents' contents***." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1018 (5th Cir. 1996). Similarly, a court may "consider earnings call transcripts ***not for the truth of the assertions contained therein***, but as an indication of the information available to the public at the time." *Firefighters Pension & Relief Fund v. Bulmahn*, 53 F. Supp. 3d 882, 901-02 (E.D. La. 2014) (collecting cases). The court may not, however, take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th

[3] Unless otherwise noted citations are omitted and emphasis is added throughout.

Cir. 1998) (judicial notice is reserved for a "'self-evident truth[] that no reasonable person could question, [a] truism[] that approach[es] platitude[] or banalit[y]'") (alteration in original). In short, "[d]efendants cannot introduce disputed facts through judicial notice at the dismissal stage in a motion to dismiss." *Miller v. Stroman*, 2020 WL 2494576, at *3 (W.D. Tex. May 14, 2020).

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The proponent of evidence under Federal Rule of Evidence 201 bears the burden of demonstrating that each proffered adjudicative fact meets the rule's exacting standard, and in so doing must supply all "necessary information" to the Court. *See* Fed. R. Evid. 201(c)(2). Where this standard is met, a court may take judicial notice of a document's existence, but may consider the documents "only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Lovelace*, 78 F.3d at 1018. Judicial notice is further limited to encompass only those "relevant materials" that may assist the Court in its determination regarding the factual allegations at issue. *See In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 872 (S.D. Tex. 2016).

## III. ARGUMENT

### A. Unopposed Exhibits A, D-I, N, O, Q-S, Y-Z, and AA-II

Pursuant to the doctrine of incorporation by reference, Lead Plaintiffs do not object to the Court's consideration of Defendants' Exhibits A, O, AA-EE, and II. Judicial notice for the purpose of identifying the contents of the SEC filings (Exs. Y-Z and DD-HH), conference and earnings call transcripts (Exs. AA-CC), and regulatory filings (Exs. A, D-I, N-O, and II), is appropriate. Therefore, Lead Plaintiffs also do not object to the consideration of Defendants' Exhibits D-I, N, Y-Z, and FF-HH. Lead Plaintiffs also do not object to the consideration of Defendants' Exhibits

Q-S because they are judicial filings that Defendants do not utilize for the truth of the matter asserted therein.

While Lead Plaintiffs do not oppose the Court's consideration of these documents for determining what information was publicly available during the Class Period, it is still improper to consider them for the purported truth of the matters asserted therein. *See Miller*, 2020 WL 2494576, at *3; *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."). For instance, Defendants' Motion cites regulatory filings to make factual arguments that the site of the April 2017 Environmental Disaster had, in fact, "been 'fully remediated'" (Mem. at 8 (citing Ex. N at App. 50-53)), and that the FERC approved resumption of HDD activities throughout 2017 (Mem. at 6 (citing Exs. E-I at App. 14-35)). Defendants also rely on SEC filings to assert that certain revenues were achieved. *See* Mem. at 27 (citing Exs. Y-Z at App. 442, 446, respectively). While it is proper to recognize that Defendants made certain statements to the market, it is improper to accept those statements for the truth of the matters asserted – as facts in dispute cannot be judicially noticed or resolved at the pleading stage.

Finally, it is important to note that some of Defendants' Exhibits are excerpts of longer documents. *See, e.g.*, Exs. DD-HH. These excerpted Exhibits omit the portions of the SEC filings that include the alleged false and misleading statements at issue, and instead only include snippets of language that Defendants deem beneficial to them, devoid of surrounding context. For this additional reason, it is improper to place any undue weight on Defendants' cherry-picked language.

### B. Opposed Exhibits B, C, J-M, T-W

Defendants have not complied with Federal Rule of Evidence 201 and thus improperly seek judicial notice as to the various newspaper and internet publications that constitute Exhibits B, C, J-M and T-W.[4] Defendants concede in their RJN that the aforementioned Exhibits are not incorporated by reference in the Complaint. RJN at 9. Thus, Defendants rely exclusively on judicial notice as provided by Federal Rule of Evidence 201. However, Defendants have failed to meet their burden to demonstrate that the facts and claims within these articles are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Indeed, courts within the Fifth Circuit have held that mere publication of relevant information is not enough to meet this standard. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co., Ltd.*, 9 F.4th 247, 255 (5th Cir. 2021) (finding the district court improperly took judicial notice of newspaper articles); *Eberhardt v. Merck & Co. Inc.*, 106 F. App'x 277, 279 (5th Cir. 2004) (declining to take judicial notice of articles the defendant cited to support its statute of limitations arguments); *United States v. Health Mgmt. Sys., Inc.*, 2022 WL 976161, at *16 (N.D. Tex. Mar. 31, 2022) (denying judicial notice of a Health and Human Services Report). Defendants fail to provide any factual support to determine that these articles are judicially noticeable. RJN at 9. Thus, the "newspaper articles in this case [are] not proper material for judicial notice" as "[i]t was not established that the accuracy of the articles [cannot] be reasonably questioned, nor that the

---

4 Defendants do not cite to Exhibits V or W in their Motion. For that reason alone, the Court should not consider or take judicial notice of those Exhibits. *In re Royal Alice Props., LLC,* 619 B.R. 839, 852 (Bankr. E.D. La. 2020) ("But this Court will not take judicial notice of or consider documents that are irrelevant to a motion to dismiss."); *see also Miller,* 2020 WL 2494576, at *2 (striking exhibits and holding that "the Court will only take judicial notice of public records that are relevant to the claim").

facts [are] 'generally known within the' [D]istrict [C]ourt's jurisdiction." *Petrobras*, 9 F.4th at 255.

Even if the Court were to determine these Exhibits may be received and judicially noticed, the Court may take judicial notice "to demonstrate that certain facts were generally known within the court's jurisdiction, ***but not the truth of the facts reported in the newspaper article***." *Green v. City of Mission*, 2019 WL 3217033, at *3 (S.D. Tex. July 17, 2019), *aff'd sub nom. Green v. Lara*, 811 F. App'x 888 (5th Cir. 2020). For this reason, the Court should ignore Defendants' reliance on Ex. U as the offered proof that "Energy Transfer was 'working with' the Ohio EPA in August 2017." Mem. at 20 (citing Ex. U at App. 419-421).

For the foregoing reasons, the Court should decline to take judicial notice of Exhibits B, C, J-M, and T-W.

**C. Opposed Exhibits P and X**

Exhibit P purports to be Energy Transfer's Answer and Denial to Order to Show Cause and Notice of Proposed Penalty filed with the FERC on March 21, 2022. Davis Decl. at 3. Exhibit X purports to be a post-Class Period financial statement, dated August 4, 2022 (the "Class Period" has been defined in the Complaint to be between August 4, 2017 and December 16, 2021). Davis Decl. at 4. Defendants' sole purpose for citing these Exhibits is to prove that the misstatements were not material because the Company continues to contest the FERC's allegations and has not yet paid the fine proposed by the FERC. Mem. at 9, 26. First, this argument is irrelevant to Defendants' state-of-mind and misstatements during the Class Period and renders Defendants invocation of judicial notice improper. *See Key Energy*, 166 F. Supp. 3d at 872 (declining judicial notice of "post-Class Period events" as "irrelevant" in a federal securities claim); *Taylor*, 162 F.3d at 831 (holding judicial-notice rule does not authorize a court to make legal determinations); *Health Mgmt.*, 2022 WL 976161, at *16 (same).

Second, this is an improper citation for the truth of the matter asserted. Though courts may, when relevant:

> [T]ake[] judicial notice of the ***existence*** of the FERC documents, this does not mean the documents contain any truth. The FERC documents could potentially become competent summary judgment evidence, but the . . . Defendants have not cited any case showing that the court *must* take judicial notice of the ***truth*** of any portion of the FERC documents for the purposes of a motion to dismiss.

*Bonin v. Sabine River Auth. of Tex.*, 2019 WL 1246259, at *4 (E.D. Tex. Mar. 1, 2019), *report and recommendation adopted*, 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019), *aff'd sub nom. Bonin v. Sabine River Auth. of La.*, 961 F.3d 381 (5th Cir. 2020) (emphasis in original); *see also Lovelace*, 78 F.3d at 1018 (declining to take judicial notice of SEC filings for the purpose of "prov[ing] the truth of the documents' content"). Because the documents concern irrelevant post-Class Period events and are being offered to prove the truth of the matters asserted within them, the Court should decline to take judicial notice of Exhibits P and X.

## IV. CONCLUSION

For the reasons stated herein, the Court should decline to consider Exhibits B-C, J-M, P, and T-X and should not take judicial notice of the truth of any fact asserted within any of Defendants' Exhibits.

DATED: March 10, 2023

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
(Cal. Bar No. 168593)
DEBRA J. WYMAN (admitted *pro hac vice*)
(Cal. Bar No. 190812)
HEATHER G. GEIGER (admitted *pro hac vice*)
(Cal. Bar No. 322937)
STEPHEN JOHNSON (admitted *pro hac vice*)
(Cal. Bar No. 347822)

s/ Debra J. Wyman
DEBRA J. WYMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
debraw@rgrdlaw.com
hgeiger@rgrdlaw.com
sjohnson@rgrdlaw.com

ROBBINS GELLER RUDMAN
& DOWD LLP
ROBERT M. ROTHMAN (admitted *pro hac vice*)
(N.Y. Bar No. 2584050)
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
rrothman@rgrdlaw.com

Lead Counsel for Lead Plaintiff

KENDALL LAW GROUP, PLLC
JOE KENDALL
(Texas Bar No. 11260700)
3811 Turtle Creek Blvd., Suite 1450
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

OFFICE OF THE NEW MEXICO
ATTORNEY GENERAL
JACQUELINE N. ORTIZ, Assistant Attorney General
201 Third St. NW, Suite 300
Santa Fe, NM 87102
Telephone: 505/717-3570
jortiz@nmag.gov

Additional Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 10, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Debra J. Wyman

DEBRA J. WYMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

Email: debraw@rgrdlaw.com

# Mailing Information for a Case 3:22-cv-02735-K Vega v. Energy Transfer LP et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Apton**
  aapton@zlk.com
- **John T Cox , III**
  tcox@gibsondunn.com,twesley@gibsondunn.com,wcassidy@gibsondunn.com,jdraeger@gibsondunn.com
- **Colin B Davis**
  cdavis@gibsondunn.com,bakin@gibsondunn.com,LPercopo@gibsondunn.com
- **Andrea Farah**
  afarah@lowey.com
- **Heather Grace Geiger**
  hgeiger@rgrdlaw.com,e_file_sd@rgrdlaw.com,creis@rgrdlaw.com
- **Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com
- **Phillip Kim**
  pkim@rosenlegal.com
- **Brian M Lutz**
  BLutz@gibsondunn.com
- **Mark Tamerlane Millkey**
  mmillkey@rgrdlaw.com
- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com
- **Robert M Rothman**
  rrothman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Debra J Wyman**
  dwyman@rgrdlaw.com,e_file_sd@rgrdlaw.com,creis@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)