IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re ENERGY TRANSFER LP SECURITIES LITIGATION | CIVIL ACTION NO. 3:22-cv-02735-K |

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND ELIGIBLE FOR JUDICIAL NOTICE REGARDING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

In their Response to Defendants' Request for Consideration of Documents, Plaintiffs[1] do not object to the consideration of 23 of 35 documents in the Appendix of Exhibits ("Appendix"). Resp. at 1, 3–4. That is because Plaintiffs do not—and could not—oppose the Court's consideration of documents that are "referenced in the complaint and are central to the plaintiff[s'] claims." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). Nor could they reasonably oppose the Court taking judicial notice of SEC and FERC filings, conference and earnings call transcripts, and judicial filings. Instead, for those unopposed documents, Plaintiffs make superficial arguments that (1) judicially noticed documents cannot be considered for the truth of their contents (Defendants do not use them as such) and (2) Defendants excerpted the relevant portions of documents, rather than submitting the full version (Defendants are happy to submit unabridged versions upon request). *See* Resp. at 3–4; *see also id.* at 6, 7. In any event, documents incorporated into the complaint can be considered in full as part of the complaint. *See Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 182 (5th Cir. 2019) (considering also "documents implicitly incorporated into a complaint"). Because there is no dispute that the Court may consider Exhibits A, D–I, N, O, Q-S, Y–Z, and AA–II, Defendants

---

[1] All defined terms have the same meaning given in Defendants' Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice (the "Request").

focus only on the remaining 12 documents.

Plaintiffs request that the other 12 documents be excluded because, they contend, (1) ten documents are not judicially noticeable and (2) two documents are "irrelevant."  Resp. at 5–7. These arguments do not hold water.

The court may take judicial notice of public newspaper articles and media coverage to show what information was available to the public (Exhibits B, C, J–M and T–W).  "Courts have the power to take judicial notice of the coverage and existence of newspaper and magazine articles." *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006).  That is especially so when they are judicially noticed "for the limited purpose of showing what facts were disclosed to the public."  *Simms v. Jones*, 2011 WL 5978594, at *2 (N.D. Tex. Nov. 30, 2011); *see, e.g.*, *Green v. City of Mission*, 2019 WL 3217033, at *3 (S.D. Tex. July 17, 2019) ("The Court must take judicial notice only of the fact that a newspaper article was published … and thus this article was known to the public" but not the truth of the facts therein), *aff'd sub nom. Green v. Lara*, 811 F. App'x 888 (5th Cir. 2020); *Washington Post v. Robinson*, 935 F.2d 282, 291 (D.C. Cir. 1991) (allowing judicial notice of the existence of newspaper articles); *cf. Golatt v. Perot Museum of Nature & Sci.*, 2023 WL 2354917, at *7 (N.D. Tex. Mar. 3, 2023) (taking judicial notice of facts "appear[ing] in numerous newspapers and social media platforms").  Defendants are not citing these articles for the truth of the matter asserted therein but, instead, for the purpose of showing those statements and their contents were published by third parties at the time and available to the public.

Plaintiffs' protests to the contrary mangle the case law.  Resp. at 5.  For example, Plaintiffs rely on the Fifth Circuit's denial of judicial notice *on appeal* when "the articles were not included in the record."  *Eberhardt v. Merck & Co. Inc.*, 106 F. App'x 277, 279 (5th Cir. 2004).  That

scenario is both irrelevant and distinguishable from the facts here.  And, where Plaintiffs do cite relevant district court rulings, they mischaracterize the court's holdings as "denying judicial notice" when, in fact, the court *granted* judicial notice and cited no less than ten other cases *also granting judicial notice*.  *Compare* Resp. at 5; *with United States v. Health Mgmt. Sys., Inc.*, 2022 WL 976161, at *16 (N.D. Tex. Mar. 31, 2022) (collecting cases); *see also Brown v. Crow*, 2023 WL 1930017, at *5 n.2 (N.D. Tex. Jan. 6, 2023) (taking judicial notice of "all filings, orders, and judgments"), *report and recommendation adopted*, 2023 WL 379279 (N.D. Tex. Jan. 23, 2023).  Exhibits B, C, J–M and T–W should be judicially noticed as matters of public record.

Additionally, the Court may take judicial notice of regulatory filings including Energy Transfer's FERC filing on March 21, 2022 and its Q2 2022 Quarterly Report (Exhibits P and X). *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018–19 (5th Cir. 1996); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 325 F. Supp. 3d 728, 736 (N.D. Tex. 2018), *aff'd sub nom. Mun. Emps.' Ret. Sys. of Mich. v. Pier 1 Imports, Inc.*, 935 F.3d 424 (5th Cir. 2019); *see also, Bonin v. Sabine River Auth. of Texas*, 2019 WL 1246259, at *4 (E.D. Tex. Mar. 1, 2019) ("[T]he court may take judicial notice of the FERC documents as public records …."), *report and recommendation adopted*, 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019), *aff'd sub nom. Bonin v. Sabine River Auth. of Louisiana*, 961 F.3d 381 (5th Cir. 2020).  Defendants do not cite these documents for an improper purpose.  Instead, they cite them for their existence and the existence of the statements contained therein (namely that Energy Transfer is disputing the FERC Findings).

Plaintiffs' flawed arguments to exclude these exhibits are premised on inapposite case law. *See In re Key Energy Servs., Inc. Sec. Litig.*, 166 F. Supp. 3d 822, 873 (S.D. Tex. 2016) (granting motion to dismiss securities fraud claim and declining to consider "*Plaintiff's* new comments about post-Class Period events"); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)

(finding another circuit court's determination that an entity is a "state actor" for the purposes of § 1983 not an adjudicative fact warranting judicial notice).  Exhibits P and X should be judicially noticed as matters of public record.

For the foregoing reasons, Defendants respectfully request that the Court consider the exhibits cited in the Motion to Dismiss.

Dated:  March 31, 2023

Respectfully submitted,

*/s/ John T. Cox*
John T. Cox III, Bar No. 24003722
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-2923
Telephone:  214.698.3100
Fax:  214.571.2900
Email:  TCox@gibsondunn.com

Brian M. Lutz (admitted *pro hac vice*)
Colin B. Davis (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921

Dana E. Sherman
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193

*Attorneys for Defendants*